# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00100-CV

**Latanya Ann Wilson, Appellant**

**v.**

**Ditech Financial, LLC, Appellee**

### FROM THE COUNTY COURT OF FAYETTE COUNTY
### NO. 3779, THE HONORABLE JOE WEBER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In February 2021, the trial court issued its judgment ordering that Latanya Ann Wilson and other occupants vacate a home in Schulenburg, Texas, and further ordering that Ditech Financial, LLC, would be entitled to obtain a writ of possession granting it possession of the property if Wilson and the other occupants did not vacate within two weeks. The judgment also required Wilson to pay attorney's fees, post-judgment interest, and court costs. After the trial court issued its judgment, Wilson filed a notice of appeal. A few days later, the trial court issued an order requiring Wilson to pay a bond to pursue her appeal. *See* Tex. Civ. Prac. & Rem. Code § 52.006; Tex. R. App. P. 24.2. In response, Wilson filed a statement of inability to afford payment of court costs or an appeal bond. After reviewing the statement, the trial court issued an order striking Wilson's statement.

Rule 145 of the Texas Rules of Civil Procedure exempts a party from paying courts costs if the party files a statement of inability to afford payment of court costs unless certain procedural requirements have been met. Tex. R. Civ. P. 145(f). First, "[t]he declarant must not be required to pay costs without an oral evidentiary hearing" and must be given notice of the hearing. *Id.* R. 145(f)(1). In addition, any "order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs." *Id.* R. 145(f)(2). Further, any "order requiring the declarant to pay costs must state in conspicuous type: 'You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. *See* Texas Rule of Civil Procedure 145.'" *Id.* R. 145(f)(4).

In this case, Wilson filed a statement of inability to pay as contemplated by Rule 145. *See id.* R. 145(b). However, the record before this Court indicates that the trial court did not hold an evidentiary hearing or provide Wilson with the requisite notice before issuing its order striking her statement. Additionally, the trial court's order did not include the admonishment informing Wilson that she had a right to appeal the order and specifying the deadline for filing the appeal. *See id.* R. 145(f).

Accordingly, we abate this appeal and remand this cause to the trial court to hold the requisite evidentiary hearing to determine whether Wilson is unable to pay. *See id.* The trial court must give the parties at least ten days' notice of the hearing. Following the hearing, the trial court is directed to enter an order providing that Wilson is not required to pay court costs or the appeal bond, pay the part of the court costs and appeal bond that she can afford to pay, or pay all the court costs and the appeal bond. If the trial court orders Wilson to pay some or all the court costs and the appeal bond, the trial court is further directed to include in its order detailed findings supporting its ruling and the admonishment listed above. A reporter's record of the

hearing shall be prepared and filed in the record of this appeal, and the trial court shall prepare a supplemental clerk's record containing its order. The reporter's record and supplemental clerk's record must be filed by July 20, 2021. The appeal will be reinstated when the records are filed. *See Gonzalez v. Park*, No. 07-16-00305-CV, 2016 WL 4742244, at *1-2 (Tex. App.—Amarillo Sept. 9, 2016, order).

It is so ordered on June 11, 2021.


Before Chief Justice Byrne, Justices Baker and Smith

Abated and Remanded

Filed:   June 11, 2021